IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Wolfe, ) | C/A No. 4:19-cv-2356-SAL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Nfn. Louis et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report").

**PROCEDURAL BACKGROUND**

Plaintiff Michael E. Wolfe ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a 125-page Complaint on August 21, 2019. [ECF No. 1.] The Magistrate Judge issued a proper form order dated September 6, 2019, in which he informed Plaintiff of specific deficiencies in the Complaint, including its sheer length, and gave Plaintiff 21 days to correct the deficiencies with an amended pleading. [ECF No. 9.] On September 19, 2019, Plaintiff filed an Amended Complaint. [ECF No. 13.] The Amended Complaint totaled 78 pages, with 53 pages of supporting documents. *Id.*

Thereafter, on November 20, 2019, the Magistrate Judge appointed counsel to represent Plaintiff in this action. [ECF No. 18.] Plaintiff's attorney was given 60 days to file a Second Amended Complaint. *Id.* The 60-day period lapsed without Plaintiff filing an amended pleading. In response to a request for a status update, Plaintiff's appointed attorney represented that he "does not believe that he can pursue any claims in good faith arising from this civil

1

action[.]"  [ECF No. 29 at pp.1–2.]¹  On April 28, 2020, the Magistrate Judge issued the Report, recommending dismissal of the case without prejudice and without issuance of service of process.  [ECF No. 31.]

Attached to the Report was the notice of right to file objections.  *Id.* at p.6.  Plaintiff filed objections, and matter is ripe for consideration by this court.  [ECF No. 36.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted).  A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities."  *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019).  It must "direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47

---

¹  The same attorney was appointed to represent Plaintiff in another civil action pending in this District, Civil Action No. 4:18-cv-1350.  He filed a proposed amended complaint in that matter.

(4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

In the objections, Plaintiff states he is "voluntarily withdrawing all claims found within this civil action except claim #6[.]" [ECF No. 36 at p.1; *see also id.* at pp.2–3 (titled "Voluntary Withdrawal").]² As a result, this court will focus on Plaintiff's objection to the dismissal of his sixth cause of action.

In the Report, the Magistrate Judge recommends dismissal of all claims because the factual allegations appear "wholly incredible," and therefore, frivolous. [ECF No. 31 at p.4.] Plaintiff's objections do not specifically address this contention. [ECF No. 36.] For this reason alone, the court could review the Report for clear error and, finding none, adopt the Report and dismiss the case. But given that Plaintiff desires to maintain one cause of action, the court will briefly address the purported "objection" to dismissal of that claim.

Plaintiff devotes only one paragraph in his "objections" to the sixth cause of action. *Id.* at pp.1–2, ¶ 3. Plaintiff states that this claim is based on the South Carolina Department of Corrections maintaining an "open indictment" to "unjustly tak[e] the Plaintiff[']s freedom." *Id.* Turning to the Amended Complaint, the court sees that Plaintiff's "claim #6" relates to an alleged "illegal communications program" that allows the South Carolina Department of Corrections to "extract audio from inside your throat even while your mouth is closed[.]" [ECF No. 13 at p.68, ¶ 94.] This is the exact type of "wholly incredible" allegation that the Report

---

² Because Plaintiff's pleading has not been served on Defendants and an answer or summary judgment motion has not been filed, Plaintiff retains the right to dismiss an action without a court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Therefore, the court construes Plaintiff's objections as a notice of dismissal of all claims, with the exception of his sixth cause of action.

3

identified as frivolous. Plaintiff's "objection" does not remedy this defect. Accordingly, having reviewed the Report, Plaintiff's objections, and the applicable law, the court is not convinced that Plaintiff's sixth cause of action should proceed.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court **ADOPTS** the Report [ECF No. 31] and incorporates the same herein by reference. For the reasons stated herein, Plaintiff's claims are **DISMISSED** *without prejudice and without issuance of service of process*.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

April 6, 2021
Florence, South Carolina